# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

BAPTIST MEMORIAL HEALTH
CARE CORPORATION

 Plaintiff,

v.               Case No.: _____

MCWILLIAMS COLLECTIVE, LLC
and ERIC MCWILLIAMS;

 Defendants.

## COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT

The Plaintiff, Baptist Memorial Health Care Corporation ("BMHCC"), by and through its undersigned counsel, hereby files this Complaint against McWilliams Collective, LLC and Eric McWilliams, personally and in his individual capacity (collectively "Defendants"), and alleges as follows:

### I. PARTIES

1. Plaintiff BMHCC is a healthcare corporation duly organized and existing under the laws of the State of Tennessee, with its principal place of business located at 350 N. Humphreys Blvd., Memphis, Tennessee, 38120.

2. Defendant McWilliams Collective, LLC is a Florida limited liability company with its principal place of business located at 176 Midway Park Drive, St. Augustine, Florida 32084, and may be served with process through its registered agent, Eric McWilliams, at 176 Midway Park Drive, St. Augustine, Florida 32084, or wherever he may be found.

3. Defendant Eric McWilliams is an individual residing in St. John's County, Florida, and is engaged in the business of brokerage services, who may be served at 176 Midway Park Drive, St. Augustine, Florida 32084, or wherever he may be found.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this claim under federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Venue is proper in this Court under 28 U.S.C. § 1391. Further, the Parties agreed that venue in this Court is proper in the attached Settlement Agreement.

## III. FACTUAL BACKGROUND

6. On August 26, 2024, BMHCC filed a lawsuit against the Defendants in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, (hereinafter "the Lawsuit"), which was subsequently removed to the United States District Court for the Western Division, Cause No.: 2:24-cv-02757.

7. BMHCC alleged in the Lawsuit that the Defendants breached a Medical and Surgical Distribution Agreement dated February 25, 2021 concerning delivery and sale of certain medical gloves (the "transaction"). BMHCC further alleged that the Defendants had been unjustly enriched in conjunction with the transaction in question.

8. BMHCC entered into a Settlement Agreement with all of the Defendants to settle all claims arising out of the lawsuit and the underlying transaction. (A copy of the Settlement Agreement is attached hereto and incorporated herein by reference as Exhibit A).

9. In the Settlement Agreement, the McWilliams Collective, LLC and Eric McWilliams, personally, agreed "to transfer and timely deliver to BMHCC 19,761,000 BioFlex Chemo/Fentanyl technical specification gloves . . . ." (See Exhibit A, Section 1, pgs. 1–2).

10. The McWilliams Collective, LLC and Eric McWilliams, personally, agreed to deliver these gloves "by the end of February 2025 (the week of the 23rd through the 28th), and cost variance incremental deliveries by the end of March 2025 (the "Variance Gloves Balance") (the week of the 24th through the 31st) (collectively, the "Goods"), or as may be otherwise agreed upon in writing by the Parties." (See Exhibit A, Section 1, pg. 2).

11. "The parties agree[d] that the value of the Purchased Gloves Balance is at $1,086,855.00 or the current market rate per glove as of January 1, 2025 multiplied by 19,761,000 gloves, whichever is greater, which is a reasonable estimate of damages that may arise from breach." (See Exhibit A, Section 3(a), pg. 2).

12. The McWilliams Collective, LLC and Eric McWilliams, personally, agreed "timely delivery of conforming Goods under this Settlement Agreement is of the essence." (See Exhibit A, Section 3(c), pg. 3).

13. The Settlement Agreement provided that "McWilliams Collective, LLC and Eric McWilliams can cure such default by delivering said shipment within twenty (20) days of the scheduled delivery date, prior to the failure of delivery of said shipment being considered a breach." (See Exhibit A, Section 3(c), pg. 3).

14. The Settlement Agreement provides "[t]he Plaintiff may terminate this Settlement Agreement in the event of a breach by McWilliams Collective LLC and Eric McWilliams that remains uncured after twenty (20) calendar days following written notice thereof. Such termination

shall be effective immediately and automatically upon the expiration of the applicable notice period, without further notice or action by either Party." (See Exhibit A, Section 9, pg. 7).

15. The Parties further agreed that "[t]ermination shall result in acceleration of all amounts due under this Settlement Agreement and shall be in addition to any other remedies that may be available to the Plaintiff under this Settlement Agreement or applicable law. Nothing contained herein shall limit any remedy at law or in equity either party may be entitled to seek or recover." (See Exhibit A, Section 9, pg. 7).

16. The Parties also agreed that "for any amounts due under this Settlement Agreement that are outstanding beyond 30 days, the Plaintiff shall be entitled to interest at the rate of one and one-half percent (1 1/2%) per month (i.e., 18% per annum) or the highest legal rate of interest permitted under applicable law, whichever is lower." (See Exhibit A, Section 9, pg. 7).

17. Further, the Parties agreed "[i]f either Party incurs any legal fees associated with the enforcement of this Settlement Agreement or any rights under this Settlement Agreement, the prevailing Party shall be entitled to recover its reasonable attorney's fees and any court, arbitration, mediation, or other litigation expenses from the other Party." (See Exhibit A, Section 10, pg. 8).

18. The Parties also agreed "that any action arising out of this Settlement Agreement shall be brought solely in any state or federal court located in Shelby County, Tennessee; and the Parties submit to the exclusive jurisdiction and venue of any such court." (See Exhibit A, Section 8, pg. 7–8).

19. In exchange for the Defendants' promises, BMHCC agreed that it "releases, acquits and discharges the Defendants . . . all actions, causes of action or claims . . . in any way growing out of, the lawsuit and Medical and Surgical Distribution Agreement dated February 25, 2021 (contract# MCC2021-02-04) concerning delivery and sale of certain medical gloves" and

"agree[d] to dismiss its claims in the Lawsuit, with prejudice, subject to Section 3(g)(9)." (See Exhibit A, Section 6–7, pg. 6).

20. The Parties executed the Settlement Agreement on December 2, 2024. (See Exhibit A, pg. 10).

21. Eric McWilliams executed the Settlement Agreement personally and on behalf of the McWilliams Collective, LLC.

22. No gloves were delivered by the end of February or by the end of March 2025 as required by the contract.

23. BMHCC, through counsel, provided notice to the McWilliams Collective and Mr. McWilliams that they were in breach by failing to deliver any of the gloves by the agreed upon dates.

24. The McWilliams Collective and Mr. McWilliams did not cure this breach within 20 days.

## IV. CLAIM FOR RELIEF

### COUNT I: BREACH OF SETTLEMENT AGREEMENT

25. BMHCC incorporates paragraphs 1–24 as if fully set forth herein.

26. The Settlement Agreement is a valid and enforceable agreement between BMHCC and McWilliams Collective and Mr. McWilliams.

27. BMHCC fully performed its obligations under the Settlement Agreement.

28. Mr. McWilliams and the McWilliams Collective, LLC agreed under the Settlement Agreement "to transfer and timely deliver to BMHCC 19,761,000 BioFlex Chemo/Fentanyl technical specification gloves . . . . by the end of February 2025 (the week of the 23rd through the

28th), and cost variance incremental deliveries by the end of March 2025." (See Exhibit A, Section 1, pgs. 1–2).

29. No gloves were delivered by the end of February or by the end of March 2025, and this default was not cured within 20 days of notice being provided as contemplated by Section 9 of the Settlement Agreement and thus constituted a breach.

30. Because the Defendant did not cure the breach within 20 days after notice was provided pursuant to Section 9 of the Settlement Agreement, the Settlement Agreement was terminated "effective immediately and automatically upon the expiration of the applicable notice period." (See Exhibit A, Section 9, pg. 7).

31. Because Section 9 of the Settlement Agreement provides that "[t]ermination shall result in acceleration of all amounts due under this Settlement Agreement," pursuant to Section 3(a) of the Settlement Agreement, the "amount of $1,086,855.00 or the current market rate per glove as of January 1, 2025 multiplied by 19,761,000 gloves, whichever is greater" is due. (See Exhibit A, Section 3(a), pg. 2).

32. Further, under Section 9, BMHCC is owed interest on the " outstanding balance beyond 30 days" after the termination, which shall accrue "at the rate of one and one-half percent (1 1/2%) per month (i.e., 18% per annum) or the highest legal rate of interest permitted under applicable law, whichever is lower." (See Exhibit A, Section 9, pg. 7).

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff BMHCC requests the following relief:

1. That process issue to the Defendants;

2. Judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $1,086,855.00, or the current market rate per glove as of January 1, 2025, multiplied by

19,761,000 gloves, whichever is greater. This balance shall accrue interest at the rate of one and one-half percent (1 1/2%) per month, which began 30 days after termination of the agreement.

    3.      For its attorneys' fees and expenses incurred for this lawsuit, pursuant to Section 10 of the Settlement Agreement;

    4.      Post-judgment interest at the statutory rate;

    5.      Any other relief the Court finds BMHCC is owed; and

    6.      A bench trial on all claims so triable.

Respectfully submitted,

s/Christopher C. Campbell
Christopher C. Campbell TN BPR No. 019061
William Luis Brantley TN BPR No. 038403
Harris Shelton Hanover Walsh, PLLC
6060 Primacy Parkway, Suite 100
Memphis, Tennessee 38119
(901) 525-1455 (Telephone)
(901) 526-4084 (Fax)
ccampbell@harrisshelton.com
wbrantley@harrisshelton.com
*Attorneys for Plaintiff*